# United States District Court
## Eastern District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| COREY FERNANDO RUSSELL | |

Case Number:    2:12-CR-048-3

Tim S. Moore
_____
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to <u>Count 2 of the Indictment.</u>
[ ]    pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ]    was found guilty on count(s) __ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(2) | Access Device Fraud | October 1, 2009 | 2 |

The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]    The defendant has been found not guilty on count(s) ___.

[✔]    The remaining count as to this defendant in this case is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

November 26, 2013
_____
Date of Imposition of Judgment

s/ Leon Jordan
_____
Signature of Judicial Officer

LEON JORDAN, United States District Judge
_____
Name & Title of Judicial Officer

December 2, 2013
_____
Date

DEFENDANT:        COREY FERNANDO RUSSELL
CASE NUMBER:      2:12-CR-048-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
_72 months_ .

This sentence shall be served consecutively to any sentence(s) imposed in case number 1:04-CR-461-1 in the United States
District Court Northern District of Georgia and/or in case number 11-B-1141-5 in the Superior Court of Gwinnett County,
Georgia; as those crimes are unrelated to the present case.

[✓]      The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant receive 500 hours of substance abuse treatment from the BOP Institution Residential
Drug Abuse Treatment Program.  The court will further recommend the defendant undergo a complete physical and mental
health evaluation and receive appropriate treatment while incarcerated.  It is further recommended the defendant participate in
educational classes and training to learn a trade or marketable skills while incarcerated.  Lastly, the court recommends the
defendant be designated to FPC Atlanta, GA.

[✓]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district:
         [ ] at ___ [] a.m.    [] p.m.   on ___.
         [ ] as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         [ ] before 2 p.m. on ___.
         [ ] as notified by the United States Marshal.
         [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

         Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

                                                            _____
                                                                    UNITED STATES MARSHAL

                                                            By _____
                                                              DEPUTY UNITED STATES  MARSHAL

DEFENDANT:        COREY FERNANDO RUSSELL
CASE NUMBER:      2:12-CR-048-3

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

[✓]     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer;
2)    The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation office;
3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    The defendant shall support his/her dependents and meet other family responsibilities;
5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court;
9)    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;;
10)   The defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)   The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his/her criminal record or personal history of characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      COREY FERNANDO RUSSELL
CASE NUMBER:      2:12-CR-048-3

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer.

2.  The defendant shall pay any financial penalty that is imposed by this judgment.  Any amount that remains unpaid at the commencement of the term of supervised release shall be paid on a monthly basis at the amount of at least 10% of your net monthly income.

3.  The defendant shall provide the probation officer with access to any requested financial information.

4.  The defendant shall not incur new credit charges or apply for additional lines of credit without permission of the probation officer until restitution has been paid in full.  In addition, he shall not enter into any contractual agreements which obligate funds without permission of the probation officer.

DEFENDANT:        COREY FERNANDO RUSSELL
CASE NUMBER:      2:12-CR-048-3

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| Totals: | $ 100.00 | $ 0.00 | $ 1,097,144.06 |

[ ]    The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓]    The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|------------------------------|----------------------------------------|
| TOTALS: | $ _ | $ _ | |

[ ]    If applicable, restitution amount ordered pursuant to plea agreement $ _

    The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [✓]  The interest requirement is waived for the [ ]  fine and/or    [✓]  restitution.

    [ ]  The interest requirement for the    [ ]  fine and/or    [ ]  restitution is modified as follows:

See 'Additional Restitution Payees' page.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:     COREY FERNANDO RUSSELL
CASE NUMBER:    2:12-CR-048-3

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| Jefferson Federal Bank<br>120 Evans Avenue<br>Morristown, Tennessee 37814 | | $380,921.56 | |
| Regions Bank<br>Regions Bank Corporate Security<br>2090 Parkway Office Circle<br>Hoover, Alabama 35244 | | $241,617.78 | |
| First Tennessee Bank<br>Attn: Corporate Security<br>300 Court Avenue, 5th Floor<br>Memphis, Tennessee 38103 | | $126,595.92 | |
| Kingsport Press Credit Union<br>528 West Center Street<br>Kingsport, Tennessee 37660 | | $ 66,727.71 | |
| Consumer Credit Union<br>3634 East Andrew Johnson Highway<br>Greeneville, Tennessee 37745 | | $ 57,883.68 | |
| MCB<br>Bank of Tennessee<br>10431 Wallace Alley Street<br>Kingsport, Tennessee 37663 | | $ 47,000.79 | |
| The Tennessee Credit Union<br>1400 8th Avenue South<br>Nashville, Tennessee 37203 | | $ 32,042.19 | |
| First Kingsport Credit Union<br>408 Clay Street<br>Kingsport, Tennessee 37660 | | $ 31,805.72 | |
| Mountain Lakes Community Federal Credit Union<br>5271 Highway 11E<br>Piney Flats, Tennessee 37686 | | $ 31,213.87 | |
| Appalachian Community Federal Credit Union<br>5034 Bobby Hicks Highway, Suite 2<br>Gray, Tennessee 37615 | | $ 21,602.57 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        COREY FERNANDO RUSSELL
CASE NUMBER:      2:12-CR-048-3

| | |
|---|---|
| GreenBank (Capital)<br>Capital Bank<br>100 North Main Street<br>Greeneville, Tennessee 37743 | $  18,807.90 |
| Johnson City Federal Credit Union<br>333 East Main Street<br>Johnson City, Tennessee 37601 | $  13,949.31 |
| Northeast Community Credit Union<br>Attn: Tess Ellison<br>980 Jason Witten Way<br>Elizabethton, Tennessee 37643 | $  12,229.49 |
| Citizens National Bank<br>200 Forks of the River Parkway<br>Sevierville, Tennessee 37864 | $  10,396.03 |
| Bank of America<br>Security Recovery Support<br>800 Market Street<br>M01-800-06-15<br>St. Louis, MO 63102 | $  2,697.19 |
| Andrew Johnson Bank<br>Attn: Margret Moncier<br>124 North Main Street<br>Greeneville, Tennessee 37743 | $  1,508.85 |
| Comdata Network, Inc.<br>5301 Maryland Way<br>Brentwood, Tennessee 37027 | $  143.50 |

TOTALS:                                                    $1,097,144.06

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after
September 13, 1994 but before April 23, 1996.

DEFENDANT:        COREY FERNANDO RUSSELL
CASE NUMBER:     2:12-CR-048-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    [✓]    Lump sum payment of $ 1,097,244.06  due immediately, balance due

[ ] not later than _, or
[ ] in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B    [ ]    Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C    [ ]    Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within 0_ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✓]    Special instructions regarding the payment of criminal monetary penalties:

The government may enforce the full amount of restitution ordered at any time, pursuant to 18 U.S.C. §§ 3612, 3613 and 3664(m).

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 220 W. Depot St., Suite 200, Greeneville, TN 37743**.  Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.